Judge Barbara J. Rothstein

FILED _____ ENTERED
LODGED _____ RECEIVED

DEC 11 2002      DJ

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

CR 01-00346 #00000042

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | No. CR-01-346 R |
|---|---|
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | **NOTE FOR CALENDAR:** |
| PATRICK MICHAEL CUNNINGHAM, | December 17, 2002 |
| Defendant. | |

COMES NOW Defendant Patrick Michael Cunningham, by and through his counsel, G Olaf Hansen of Magnuson Lowell, P.S., and provides his sentencing memorandum.

**FACTS OF CASE**

A detailed account of the facts of this matter was presented in a Pre-sentence Report dated October 4, 2002 by US Probation Officer Angela M. McGlynn. Defendant wants to clarify his position as to some of the facts presented about this matter. However, Defendant's position on his recount of the facts neither justifies his conduct nor denies his guilt in this matter.

Defendant's Sentencing Memorandum        - 1 -        MAGNUSON LOWELL, P.S.
File No. 800.0098                                      Post Office Box 3037
December 11, 2002                                      Redmond, WA 98073-3037
                                                       Tel 425 885 7500 • Fax 425 885 4119

ORIGINAL

Defendant denies ever attempting to fire the .22 caliber pistol at the two Muslim worshipers, who approached him in the parking lot. His recollection was that they approached him as he was leaving the parking lot (and after he had poured gasoline on the vehicle.) He did pull the weapon on them, but only cocked the weapon. When he turned to walk away, he released the trigger hammer manually. He did this three times which would explain the markings on the bullets. When Defendant actually did fire the weapon, he shot in the air or ground but not towards the worshipers.

The weapon was checked (which was also videotaped) in testing by the government. The test results concluded the gun was functioning properly with no mechanical problems. In fact, the gun did *not* misfire once in lab testing. Defendant does not dispute that the worshipers believed they were being fired upon. He did point the weapon at them while he was attempting to leave the area. He did cock his weapon. And it could have been perceived that he was attempting to fire his weapon at them. However, the government's own evidence indicates that this gun was not capable of misfiring.

In regards to the blood alcohol level being calculated at .14, evidence concludes that this level is a very low estimate to the Defendant's level at the time of the offense. According to Dr. Wise, his own calculations were that the level was over .20. Defendant's calculations place near .20. The police took a blood test two hours after the Defendant crashed his vehicle into a pole. Regardless of the specific number, Defendant was extremely intoxicated. With this intoxication, he wrongly believed there was a terrorist cell located at the Idriss Mosque. He wanted to draw attention to this by burning a vehicle near the mosque. Defendant's intoxication is not a defense or justification to his actions. However, it is a fact.

Defendant's Sentencing Memorandum — - 2 - — MAGNUSON LOWELL, P S.
File No. 800.0098
Post Office Box 3037
Redmond, WA 98073-3037
December 11, 2002
Tel 425 885 7500 • Fax 425 885 4119

## EDUCATION RECORD

Attached as Exhibit 1 is a copy of Defendant's High School Equivalency Diploma for the record. Also attached as Exhibit 2 is a copy of Defendant's quarterly report from the University of Washington dated June 17, 1977. Defendant has requested transcripts for 1978 and 1979 to place in the record but do not have them at this time.

## EMPLOYMENT RECORD

Defendant clarifies that when he was working for Pacific Cabulance, he would transport wheelchair clients. He had quit his job days before his arrest due to dispute with the company. He refused to transport clients with a vehicle not fit to drive. At that point, he did not feel comfortable with the company who did not take into consideration who they were transporting.

In regards to Spring Hill Marriott, the dispute between Defendant and the manager was over the towing of a guest vehicle. The manager had ordered Defendant to call to tow a vehicle on the lot. It turned out to be a guest vehicle. After it was discovered that the vehicle was improperly towed, the manager wanted Defendant to split the costs of having the vehicle towed and returned. Defendant refused.

In regards to the Hilton Hotel in Bellevue, the address is 100 – 112th Ave NE, Bellevue for verification.

## SENTENCING RECOMMENDATIONS

Defendant is asking the Court for a lighter sentence than recommended by US Probation. Defendant has freely admitted his actions and does not justify that his actions were proper. There is virtually no threat that the Defendant would repeat his actions. The Government's psychologist shares this opinion after their own evaluation of Defendant's

Defendant's Sentencing Memorandum - 3 -  
File No. 800.0098  
December 11, 2002

MAGNUSON LOWELL, P S  
Post Office Box 3037  
Redmond, WA 98073-3037  
Tel 425 885 7500 • Fax 425 885 4119

1  mental capacity. Furthermore, his letters to the victim and the mosque are both remorseful
2  and honest. Defendant recognizes that the Court is limited in reducing the weapon
3  enhancement as part of the sentence. However, the Defendant is requesting a suspension of
4  most of the sentence regarding the guilty plea to attempted obstruction of free exercise of
5  religious beliefs.

6  In addition, the Defendant is requesting a recommendation that he be sent to the
7  correction facility in Oregon in Sheridan, OR. Although the ultimate decision is with the
8  Department of Corrections, a recommendation by this Court would certainly help The basis
9  for this request is that his wife would be able to visit more regularly as well as other family
10 members.

11 Defendant is also requesting to have time served, including the two weeks the
12 Defendant was incarcerated by the State of Washington. Defendant has been incarcerated
13 since September 13, 2001 under state charges until the federal government on September 28,
14 2001 indicted him. He has never posted bail for his release.

15 Defendant also intends to publicly apologize to both the mosque and individuals for
16 his actions. As a result of his actions, Defendant will serve several more months after
17 sentencing despite his time served prior to sentencing. However, it should not be lost that
18 the Defendant has a permanent limp and scars on his face as a daily reminder of his poor
19 judgment on that faithful evening that will remain with him after he completes his
20 incarceration. A physical reminder that is his fault, and his fault alone which he takes full
21 responsibility.

22
23

Respectfully submitted this 11th day of December, 2002.

MAGNUSON LOWELL, P S.

_G. Olaf Hansen_
Attorney for Defendant

Defendant's Sentencing Memorandum — - 5 -
File No. 800.0098
December 11, 2002

MAGNUSON LOWELL, P.S
Post Office Box 3037
Redmond, WA 98073-3037
Tel 425 885 7500 • Fax 425 885 4119



**The University of the State of New York**
**Education Department**

Be it known that

PATRICK M. CUNNINGHAM

having satisfactorily completed the comprehensive examination requirements prescribed by the Commissioner of Education is thereby entitled to this

## High School Equivalency Diploma

In Witness Whereof the Regents issue this diploma no 2,791 under seal of the University at Albany in the 1969 series

*James E. Allen, Jr.*
President of the University
and Commissioner of Education

EXHIBIT: 1

**QUARTERLY GRADE REPORT**

UNIVERSITY OF WASHINGTON — SEATTLE, WASHINGTON 98195

| GRADE SYSTEM | STUDENT NUMBER | CLASS | DATE ISSUED | QUARTER | YEAR | COLL | DEPT | DEGREE PROGRAM PATHWAY | DEG LVL | TYPE DEG |
|---|---|---|---|---|---|---|---|---|---|---|
|  | 7751208 | 6 | 06-17-77 | SP | 77 | AA | 001 | 00 |  |  |

| DOCUMENT SEQ FOR GRADE | DEPARTMENT | COURSE NO | TERM | COURSE TITLE | CREDITS | GRADE | GRADE PTS |
|---|---|---|---|---|---|---|---|
| 06137/00360 | CMU | 150 |  | THE MASS MEDIA | 5.0 | 2.6 | 13.0 |
| 06107700103 | CMU | 220 |  | INTERCULTURAL CMU | 5.0 | 2.6 | 13.0 |

| OTHER CREDITS ALLOWED | TOTAL U W CREDITS EARNED | TOTAL U W GRADED CREDITS ATTEMPTED | U W CUMULATIVE GRADE POINTS | U W CUM G P A | QUARTER CREDITS GRADED | QUARTER GRADE POINTS | QUARTER G P A |
|---|---|---|---|---|---|---|---|
| .0 | 10.0 | 10.0 | 26.0 | 2.60 | 10.0 | 26.0 | 2.60 |

SEE REVERSE SIDE FOR EXPLANATION OF GRADE SYMBOLS

5 PEREMPTORY DROPS AVAILABLE

PATRICK MICHAEL CUNNINGHAM
15 COMSTOCK ST
SEATTLE
WA 98109

ANY INQUIRIES CONCERNING THIS GRADE REPORT SHOULD BE MADE NO LATER THAN THE LAST DAY OF YOUR NEXT QUARTER AND IN NO CASE AFTER A TWO YEAR LAPSE

**EXHIBIT: 2**