CC TO JUDGE ___ KN ___

Hon. Barbara Jacobs Rothstein

____ FILED ____ ENTERED
____ LODGED ____ RECEIVED

DEC 11 2002   KN

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ____ DEPUTY

CERTIFICATE OF SERVICE
I, certify that a copy of the foregoing
document to which this certificate is
attached was delivered to the attorneys
of record of plaintiff defendant, on
the 11th day of December 20 02
UNITED STATES ATTORNEY
BY ____

CR 01-00346 #00000043

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.   CR01-0346R |
| Plaintiff, | |
| v. | SENTENCING MEMORANDUM |
| PATRICK MICHAEL CUNNINGHAM, | |
| Defendant. | |

Comes now the United States of America, by and through John McKay, United States Attorney, and Donald M. Currie, Assistant United States Attorney for the Western District of Washington, and Ralph F. Boyd, Jr., Assistant Attorney General for Civil Rights, and Malachi B. Jones, Trial Attorney, Department of Justice Civil Rights Division, and respectfully submits this memorandum supporting the sentencing recommendations set forth in the Presentence Report prepared by the Probation Office. Sentencing is scheduled for Tuesday, December 17, 2002 at 10:00 a.m.

## I.   SENTENCING GUIDELINES

Defendant Cunningham pled guilty on May 9, 2002, to a two count Information charging him in Count One with Obstruction of the Free Exercise of Religious Beliefs, in violation of 18 U.S.C. § 247(a)(2), and in Count Two with Use of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). The United States concurs with the calculations of the Probation Office under the November 2001

1   edition of the Sentencing Guidelines. On Count One, the base offense level pursuant to

2   U.S.S.G. § 2A2.2 is 15; a 3-level increase is appropriate under § 3A1.1(a) (Victim

3   Related Adjustment); and a 3-level deduction is appropriate for acceptance of

4   responsibility under § 3E1.1(a). Thus, with a Criminal History Category I, and an

5   adjusted offense level of 15, Defendant's sentencing range is 18 to 24 months on Count

6   One. On Count Two, § 2K2.4(a)(2) of the Guidelines provides for imposition of the 5-

7   year statutory mandatory minimum term in addition to the sentence on Count One.

8   **II.    DISCUSSION**

9           **A.  Background of the Offense**

10          At approximately 10:30 p.m. on September 13, 2001, two Muslim worshipers,

11  Issa Qandeel and Mu'awyah Al Fanash, exited the Islamic Idriss Mosque near

12  Northgate after prayer services. As they entered the mosque parking lot, they noticed a

13  strong smell of gasoline coming from the area of Mr. Qandeel's vehicle. The two men

14  encountered Patrick Cunningham standing next to Mr. Qandeel's vehicle. Cunningham

15  was carrying a revolver and a gas can. Cunningham had been dousing the vehicles

16  with gasoline in preparation for lighting them on fire. One of the vehicles was parked

17  only a few feet away from the mosque. The men confronted Cunningham, and he

18  pointed the pistol at them, saying, "don't touch me, stay away from me, I'll shoot you,

19  I'll shoot you." Cunningham then in fact did attempt to shoot Qandeel. Cunningham's

20  revolver, however, misfired approximately three times. This attack took place only

21  two days after the terrorist attacks in New York City and Washington, D.C.

22          **B.  Gravity of the Offense**

23          Defendant Cunningham's unprovoked attack was intended to injure and

24  intimidate peaceful worshipers simply because of their faith. Mr. Qandeel, Mr. Al

25  Fanash, and all the members of the Idriss Mosque were victimized solely because of

26  their religion. Defendant did not know the men personally; all he knew about them

27  was that they were Muslim and where they worshiped. And so, he planned his attack.

28          Burning a house of worship is not an idea original to Defendant Cunningham;

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

for scores of years the burning churches and other houses of worship has been utilized as a tool of intimidation and interference with not only those who worship there but entire communities associated with those religious institutions.

While acts of intimidation based on personal animosity are surely wrong, acts of intimidation based on racial or religious motivation are particularly reprehensible. A crime such as the Defendant's should never be seen as isolated or inconsequential. The effects of such a crime ripple across the community, fostering an atmosphere that can inhibit people of all religions from freely practicing their faiths. The sentence recommended by the Probation Office will reinforce society's disapproval of interference with the important right of all persons to worship in peace where they choose, regardless of religion.

### C. Defendant's Voluntary Intoxication

Although Defendant Cunningham was drinking on the night of his attack, the voluntary use of intoxicants does not warrant a downward departure ( See U.S.S.G. § 5K2.13) especially where, as here, the offense conduct required substantial planning and implementation.

Only two days after the terrorist attacks on New York City and Washington, D.C., widely reported to be the acts of Islamic fundamentalists, the Defendant drove some 30 miles from his home in Snohomish to the Islamic Idriss mosque in the Northgate area. He parked in a QFC parking lot and carried a gas can and gun under cover of darkness to the mosque two blocks away. He then poured gasoline on the vehicles parked closest to the mosque structure. Fortunately, before the gasoline could be ignited, the Defendant was discovered by mosque worshipers. Appreciating the wrongfulness of his conduct, he tried to escape, threatening the victims with a gun and ordering them to get away from him. He attempted to shoot at the worshipers as he escaped on foot, but the gun misfired. As he fled to his car, he hid the gas can in some shrubs. He then made his escape by car but crashed while attempting to negotiate the street corner in front of the mosque. When treated by paramedics, the Defendant

SENTENCING MEMORANDUM - 3
United States v. Cunningham, CR01-346R

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

1   communicated with them and responded appropriately to their questions and

2   commands. When interviewed by police at the hospital, he said he was angry about the

3   terrorist attacks, had been watching news coverage of the attacks all day, and admitted

4   owning a gun. He also came up with an alibi, claiming that he had come to Seattle to

5   buy cheap gas and cigarettes.

6       The court-ordered competency examination conducted by Dr. Ralph Ihle

7   specifically addressed Defendant Cunningham's intoxication. See the Forensic

8   Examination (hereinafter "Ihle") attached to the Presentence Report. In Dr. Ihle's

9   expert opinion, Defendant knew what he was doing and knew it was wrong.

10          Mr. Cunningham claimed to be so intoxicated that he was not aware of
            his behavior and could not recall much of the events during the instant
11          offense. However, information in the investigative records suggests that
            Mr. Cunningham was goal directed and aware of his behavior. As
12          gleaned from the records, Mr. Cunningham drove a distance, with a gun
            and gas can, to get near the location of the Mosque, he parked in a lot a
13          block or so from the Mosque, walked to the Mosque, fled when detected
            by witnesses, made his way back to the car, and attempted to flee in the
14          car. All these behaviors reflect Mr. Cunningham, although intoxicated,
            having the ability to engage in goal directed and purposeful behavior
15          during the time period of the instant offense.

16   Ihle at 12 (emphases added).

17       Moreover, Defendant's own account of the events demonstrates that he was not

18   intoxicated to such a degree that he did not know what he was doing. Defendant

19   admitted becoming "engrossed" in the September 11th news events and "becoming

20   increasingly angry about the situation." Ihle at 10-11. Not only did he admit being at

21   the mosque with a gun and gas can, he admitted "convincing himself that there was 'a

22   terrorist cell at the Mosque.'" Ihle at 11. Furthermore, he admitted pulling out his

23   gun and firing it to keep from being followed as he made his escape. Id. Despite

24   claims that his recollection was "fuzzy," defendant was able to cite a detailed list of the

25   alcohol and drugs he ingested over the course of the day. Id. Thus, defendant's attack

26   was not merely the product of drunken impulse, but rather a calculated plan. That plan

27   succeeded in its intended aim of terrorizing the Mosque worshipers.

28

## III.   RECOMMENDATION

The United States agrees with the U.S. Probation Office that there are no factors which warrant a downward departure from the Sentencing Guidelines. While Defendant Cunningham has accepted responsibility for his actions, the Court, nevertheless, should sentence him to the maximum term of incarceration in the applicable Guidelines range.

Defendant Cunningham acted with a purpose and a plan.  Despite being under the influence of alcohol, he mapped out a plan to attack the mosque and make his escape.  The gravity of the actions he took cannot be understated.  But for a malfunctioning pistol, this could be a murder case.  His actions terrified not only the two worshipers who confronted him in the parking lot but the entire mosque congregation.  In the fearful aftermath of September 11th, Defendant's actions have had a powerful impact on the Seattle's Islamic community.  Accordingly, the United States recommends that, in addition to the mandatory five year term on Count Two, Defendant Cunningham be sentenced to a period of twenty-four months incarceration on Count One.

## IV.   CONCLUSION

Mr. Cunningham has already benefitted from the terms of his Plea Agreement. The sentence proposed by the Probation Office is within the appropriate Guidelines range and consistent with the gravity of Defendant's crimes.


Respectfully submitted this 11th day of December, 2002.


JOHN McKAY
United States Attorney



DONALD M. CURRIE
Assistant United States Attorney

RALPH F. BOYD, JR.
Assistant Attorney General
Civil Rights Division



MALACHI B. JONES
Trial Attorney
Civil Rights Division

SENTENCING MEMORANDUM - 5
United States v. Cunningham, CR01-346R

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970